# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-01475-JSD |
| ) | |
| U.S. BANK CORP., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Clint Phillips, III brings this action for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Plaintiff also filed a motion to dismiss (ECF No. 4) and on the following day, a motion to withdraw his motion to dismiss (ECF No. 5). His motion to withdraw the motion to dismiss will be granted and the Clerk will be directed to strike the motion to dismiss from the record.

As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because this case is being dismissed, Plaintiff's motion for appointment of counsel (ECF No. 3) will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's History with the Court**

Plaintiff is a frequent self-represented and *in forma pauperis* litigator in this Court.[1] He describes himself as suffering from PTSD and schizophrenia. *See Phillips v. Three Unknown Police Officers*, No. 4:19-cv-2922-RLW, ECF No. 1 at 4 (E.D. Mo. filed Oct. 25, 2019). In this Court's dismissal of a case Plaintiff filed in 2022, the Court warned Plaintiff that the filing of frivolous lawsuits is an abuse of the litigation process. *See Phillips v. St. Louis County*, No. 4:22-cv-759-JAR, ECF No. 7 at 6 (E.D. Mo. issued Oct. 19, 2022). Based on a review of Court records, since that warning from the Court, Plaintiff has filed over forty (40) additional cases.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the U.S. Bank Corporation for "discrimination in a public accommodation" and for "a human rights violation." ECF No. 1 at 1, 3. Plaintiff claims that the defendant U.S. Bank Corp. maliciously violated his Fifth and Fourteenth Amendment rights. *Id.* at 6. The factual allegations of Plaintiff's Complaint, in his own words, are as follows:

> On 9-30-2025, I arrived U.S. Bank a little after 9:00 a.m. I requested that my debit card be terminated because it was compromised; I then asked to have my debit card rush ordered to me as I've done such before while my account was in the negative without experiencing such discriminatory animus, and the negative account was the basis for discrimination and human rights violation as she denied me service, would not rush my card, and told me to go to another bank and do it as if she didn't have to serve me and it was an option, and I warned them that I would take legal action against them for which they had a reckless disregard. I am also suing for negligence and abuse of process.

---

[1] Based on a review of Court records, Plaintiff has filed almost ninety (90) cases in this Court since 2010. For a period, Plaintiff was incarcerated, and he had many cases dismissed under the three strikes rule, 28 U.S.C. § 1915(g). It appears that only one of Plaintiff's cases made it past initial review under 28 U.S.C. § 1915(e)(2); however, that case was dismissed after Plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-cv-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018). Plaintiff's other cases have been dismissed before service on any defendant for a variety of reasons, including failure to sign the complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

*Id.* at 5.

For relief, Plaintiff asks that disciplinary action is taken against the defendant U.S. Bank Corp. employees for their "negligence and misconduct," and that he is granted damages in the amount of sixteen million dollars. *Id.* at 5-6.

## Discussion

Having carefully reviewed and liberally construed the allegations of the complaint, the Court finds that this action must be dismissed for failure to state a § 1983 claim against defendant U.S. Bank Corp. *See* 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, pursuant to § 1983, a defendant can only be held liable for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may *only* be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, a plaintiff "must allege, at the very least, that there was

4

a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, defendant U.S. Bank is a private entity, not a state actor. Plaintiff has not provided any facts suggesting that the defendant Bank was a willful participant in joint activity with the State, or its agents. Because Plaintiff has not shown that defendant U.S. Bank is a state actor or that the Bank acted under color of state law, Plaintiff has failed to establish the necessary elements of a 42 U.S.C. § 1983 claim. Therefore, Plaintiff's § 1983 claim against defendant U.S. Bank Corp. must be dismissed.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw his motion to dismiss [ECF No. 5] is **GRANTED**. The Clerk of Court is directed to **STRIKE** the motion to dismiss [ECF No. 4] from the record.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

---

[2] The Court notes Plaintiff has previously filed claims against private entities and has been informed by this Court multiple times that such causes of action do not state a claim under 42 U.S.C. § 1983. For example, in *Phillips v. Akbar*, No. 21-cv-909-NCC (E.D. Mo.), Plaintiff sued Wal-Mart for failing to sell him a winning lottery ticket. *See Phillips v. Wal-Mart*, No. 4:20-cv-1276-SNLJ (Plaintiff sued a retail outlet, a non-state actor); *see also e.g., Phillips v. St. Louis Community Credit Union*, No. 4:20-cv-1275-MTS (Plaintiff sued a credit union, a non-state actor).

5

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of January, 2026.

                                                   _/s/ Audrey G. Fleissig_
                                                   AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE